IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| B.M., a Minor, by and through His Next Friends, ROGER MILLER and SHARON MILLER, and ROGER MILLER, Individually, and SHARON MILLER, Individually, | ) ) ) ) ) ) |
| Plaintiffs, | ) Cause No. 2:11-cv-04029-NKL |
| v. | ) ) ) |
| SOUTH CALLAWAY R-II SCHOOL DISTRICT, | ) ) ) |
| Defendant. | ) |

## ANSWER OF DEFENDANT SOUTH CALLAWAY R-II SCHOOL DISTRICT

COMES NOW Defendant South Callaway R-II School District ("District"), by and through the undersigned counsel, and for its Answer to Plaintiffs' Complaint, states as follows:

1. Defendant admits that Plaintiffs purport to assert violations of Section 504 of the Rehabilitation Act of 1973 and its implementation regulations. Defendant denies that Plaintiffs have a valid cause of action under Section 504 or its implementing regulations or any other statute, constitutional provision, common law theory or claim. Except as expressly admitted, Defendant denies each and every other allegation of fact and/or conclusion of law contained in paragraph 1 of the Complaint.

2. Defendant admits that Plaintiffs purport to assert violations of Title II of the Americans with Disabilities Act of 1990 and its implementing regulations. Defendant denies that Plaintiffs have a valid cause of action under the ADA or its implementing regulations or any other statute, constitutional provision, common law theory or claim. Except as expressly admitted, Defendant

denies each and every other allegation of fact and/or conclusion of law contained in paragraph 2 of the Complaint.

3. Defendant admits that this Court has subject matter jurisdiction over the federal claims alleged in the Complaint.

4. Defendant admits only so much of paragraph 4 as alleges that Plaintiff BM is a minor who resides with at least one parent in the City of Mokane in the State of Missouri within the Western District of Missouri. Except as expressly admitted, Defendant denies each and every other allegation of fact and/or conclusion of law contained in paragraph 4 of the Complaint.

5. Defendant states that paragraph 5 of the Complaint contains a legal conclusion to which no answer is required.

6. Defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the Complaint and, therefore, denies the same.

7. Defendant states that paragraph 7 of the Complaint contains a legal conclusion to which no answer is required.

8. Defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the Complaint and, therefore, denies the same. Further answering, Defendant states that paragraph 8 appears to state a legal conclusion to which no answer is required.

9. Defendant admits the allegations contained in paragraph 9 of the Complaint.

10. Defendant admits the allegations contained in paragraph 10 of the Complaint.

11. Defendant admits that B.M. has been a student in the District since at least pre-school. Except as expressly admitted, Defendant denies each and every other allegation of fact and/or conclusion of law contained in paragraph 11 of the Complaint.

2

12. Defendant admits only so much of paragraph 12 as alleges that, during the 2006-07 school year and when B.M. was a regular education second grade student in the District, he had disciplinary referrals to the principal's office and received some out of school suspensions. Except as expressly admitted, Defendant denies each and every other allegation of fact and/or conclusion of law contained in paragraph 12 of the Complaint.

13. Defendant admits only so much of paragraph 13 as alleges that, during the 2007-08 school year, and when B.M. was a regular education third grade student in the District, he had disciplinary referrals to the principal's office. Except as expressly admitted, Defendant denies each and every other allegation of fact and/or conclusion of law contained in paragraph 13 of the Complaint.

14. Defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the Complaint and, therefore, denies the same. Further answering, Defendant states that Sharon Miller informed the District that such testing was completed but never provided a copy of said alleged testing to the District. Further answering, Defendant states that when District personnel requested a copy of said evaluation from Sharon Miller, she informed the District that she no longer had a copy of the evaluation.

15. Defendant admits only so much of paragraph 15 as alleges that, in or about 2008, Sharon and Roger Miller had some type of evaluation of B.M. completed at Spring Grove. Except as expressly admitted, Defendant denies each and every other allegation of fact and/or conclusion of law contained in paragraph 15 of the Complaint.

16. Defendant admits only so much of paragraph 16 as alleges that Sharon and Roger Miller had some type of behavioral assessment performed on B.M. by Spring Grove in or about

March 2008. Except as expressly admitted, Defendant denies each and every other allegation of fact and/or conclusion of law contained in paragraph 16 of the Complaint.

17. Defendant admits only so much of paragraph 17 as alleges that, at some point in time in 2008, the Millers gave the District copies of some reports that the Millers obtained from Spring Grove. Further answering, the District states that, as of April 2008, B.M. was a regular education student in the District and his parents, Sharon and Roger Miller, had not requested that he be evaluated to determine if he had a disability under either the Individuals with Disabilities Education Act ("IDEA") or Section 504 of the Rehabilitation Act ("Section 504"). Except as expressly admitted, the District denies each and every other allegation of fact and/or conclusion of law contained in paragraph 17 of the Complaint.

18. Defendant admits only so much of paragraph 18 as alleges that, during the 2007-08 school year, B.M.'s parents did not make a referral for an evaluation of B.M. under the IDEA or Section 504 to determine if he had a disability as defined by those laws. Accordingly, the District did not conduct an evaluation to determine if he had a disability under IDEA or Section 504. Further answering, because the District did not suspect an IDEA or 504 disability at that time, the District had no obligation to conduct an evaluation to determine if B.M. had a disability. Except as expressly admitted, the District denies each and every other allegation of fact and/or conclusion of law contained in paragraph 18 of the Complaint.

19. Defendant admits that B.M. began attending the District as a regular fourth grade student at the beginning of the 2008-09 school year. Further answering, Defendant states that, on or about September 18, 2008, Sharon Miller referred her son, B.M., for an IDEA evaluation and, in response, the District provided her with a copy of the IDEA parent rights/procedural safeguards on that same date. Further answering, on or about October 13, 2008, and in response

to the parental request for evaluation, the District conducted a "Review of Existing Data" pursuant to the federal regulations. At the conclusion of that review, a multidisciplinary team convened by the District pursuant to IDEA procedures proposed an educational evaluation of B.M. Further answering, on or about October 23, 2008, Sharon Miller provided the District with written consent to conduct the evaluation. Further answering, on or about November 20, 2008, the District convened a multidisciplinary team that included B.M.'s parents pursuant to the federal regulations to review the results of the District's IDEA educational evaluation and that team concluded that B.M. did not meet criteria to be identified as a student with a disability pursuant to the IDEA. The Millers did and have not challenged that 2008 decision through the IDEA's required due process procedures pursuant to the federal regulations.

20. Defendant admits only so much of paragraph 20 as alleges that between September 18 and October 31, 2008, the District suspended B.M., a regular education student who was being evaluated under the IDEA, for 17 days for behavior/conduct. Except as expressly admitted, the District denies each and every other allegation of fact and/or conclusion of law contained in paragraph 20 of the Complaint.

21. The District denies the allegations contained in paragraph 21 of the Complaint. Further answering, Defendant states that, on or about September 15, 2008, B.M. disrupted his regular education class, threw a chair in the principal's office, used obscene language and kicked the principal in the shins resulting in a 6 ½ day suspension. Subsequent to that suspension and after the parental referral for an IDEA evaluation, the District – pursuant to IDEA procedures – administratively determined on or about September 18, 2008, that the suspension did not constitute a pattern of exclusion that resulted in a significant change of educational placement. Further answering, Defendant states that, on or about October 13, 2008, B.M. was suspended for

8 ½ days for using obscene language toward staff.  Subsequent to that suspension and because of the parental IDEA referral, the District – again pursuant to IDEA procedures – administratively concluded on or about October 15, 2008, that the combination of the September 15 and October 13, 2008 suspensions (15 days total) did not constitute a pattern of exclusion that resulted in a significant change of placement.  On or about October 29, 2008, B.M. struck and hit staff members and was disruptive in the classroom and was suspended two days from school.  Subsequent to that suspension and due to the parent IDEA referral, the District – pursuant to IDEA procedures – administratively concluded that the total of 17 days of suspension from September 15 through October 29 – did not constitute a pattern of exclusion that resulted in a significant change of placement.  The District did not suspend B.M. any additional days for the remainder of the 2008-09 school year.  Further answering, Defendant states that Sharon and Roger Miller did not exercise their due process rights pursuant to federal regulations to challenge the administrative determination that the 17 days of suspension did not constitute a pattern of exclusion that resulted in a significant change of placement.  Except as expressly admitted, Defendant denies each and every other allegation of fact and/or conclusion of law contained in paragraph 21 of the Complaint.

22.   Defendant admits only so much of paragraph 22 as alleges that it did not conduct a manifestation determination pursuant to the federal regulations.  Further answering, Defendant states that, because no pattern of exclusion existed, it was not required to conduct a manifestation determination meeting and/or to determine whether B.M.'s misconduct that resulted in the 17 days of suspension was related to an as-yet undetermined disability.  Except as expressly admitted, Defendant denies each and every other allegation of fact and/or conclusion of law contained in paragraph 22 of the Complaint.

23. Defendant states that paragraph 23 states a legal conclusion to which no answer is required. Further answering, Defendant states that paragraph 23 erroneously states the legal requirements of Section 504 of the Rehabilitation Act and its regulations as they pertain to students in public elementary and secondary schools as well as the requirements of the IDEA which were exclusively applicable in the fall of 2008. Except as expressly admitted, Defendant denies each and every other allegation of fact and/or conclusion of law contained in paragraph 23 of the Complaint.

24. Defendant admits only so much of paragraph 24 as alleges that, when a student is referred for evaluation pursuant to Section 504, the school district must provide the parents with a copy of the parents' rights that exist under Section 504. Further answering, Defendant denies that, in the fall of 2008, it was required to provide Sharon and Roger Miller with a copy of the Section 504 parental rights. Further answering, Defendant states that on the day (September 18, 2008) that Sharon Miller referred B.M. for an IDEA evaluation, the District provided Sharon Miller with a copy of the IDEA parental rights. Except as expressly admitted, Defendant denies each and every other allegation of fact and/or conclusion of law contained in paragraph 24 of the Complaint.

25. Defendant admits only so much of paragraph 25 as alleges that, on or about November 20, 2008, the District convened a multidisciplinary team meeting to review the results of the District's IDEA evaluation and, at that meeting, the team concluded that B.M. was not eligible for an IEP pursuant to the IDEA. Further answering, Defendant states that, after the team concluded that B.M. was not eligible under the IDEA, Sharon Miller referred B.M. for consideration of eligibility under Section 504 and, on that same date, provided Mrs. Miller with a copy of the Section 504 parental rights. Subsequently and in December 2008, a Section 504

multidisciplinary team, that included Mrs. Miller, concluded that B.M. was a student with a disability as then defined by Section 504 based on impairments of Dysthymic Disorder and ADHD.  Further answering, Defendant states that a Section 504 Accommodation Plan was prepared for B.M. on or about January 8, 2009.  However, Sharon and Roger Miller chose to keep B.M. out of school from mid-December 2008 until early March 2009 and, thus, the January 2009 504 Plan could not be implemented.  Except as expressly admitted, Defendant denies each and every other allegation of fact and/or conclusion of law contained in paragraph 25 of the Complaint.

26.  Defendant admits the allegations contained in paragraph 26 of the Complaint.  Further answering, Defendant states that it did not receive the Complaint from OCR until on or about February 20, 2009.

27.  Defendant denies the allegations contained in paragraph 27 of the Complaint.

28.  Defendant denies the allegations contained in paragraph 28 of the Complaint.  Further answering, Defendant states that it was not required to prepare a behavior plan as part of a Section 504 Accommodation Plan until after it evaluated B.M. for 504 eligibility and prepared a 504 Plan for him which it did in December 2008 and January 2009 respectively.

29.  Defendant denies the allegations contained in paragraph 29 of the Complaint.  Further answering, Defendant states that Section 504 and its implementing regulations as they pertain to public elementary and secondary schools do not require agreement to a Section 504 Plan nor do they require parental consent prior to Plan implementation.  Further answering, Defendant states that an initial Section 504 Plan was developed for B.M. in January 2009 but the Plan could not be implemented because the Millers withheld B.M. from school.  Further answering, Defendant states that the 504 team reconvened in March 2009 to review and revise that Plan.  Further

answering, Defendant states that Sharon Miller and her attorney, Aaron Martin, were present at the March 2009 team meeting.

30. Defendant admits only so much of paragraph 30 as alleges that, with respect to the December 11, 2008 OCR complaint, OCR found, on or about May 27, 2010, that in its opinion, the District did not comply with Section 504 with respect only to allegation 1 of the complaint. Further answering, Defendant states that OCR did not find a violation with respect to allegations 2(a)-(d), 3(a)-(b) and 4(a)-(g). Further answering, Defendant states that the OCR conclusions contained in its May 27, 2010 decision letter are not binding with respect to Plaintiffs' Complaint. Except as expressly admitted, Defendant denies each and every other allegation of fact and/or conclusion of law contained in paragraph 30 of the Complaint.

31. Defendant admits only so much of paragraph 31 as alleges that, subsequent to issuing its May 27, 2010 decision, it entered into a resolution agreement with OCR to resolve the OCR findings with respect to allegation 1. Except as expressly admitted, Defendant denies each and every other allegation of fact and/or conclusion of law contained in paragraph 31 of the Complaint.

32. Defendant denies the allegations of paragraph 32 of the Complaint. Further answering, Defendant states that OCR informed the District on or about December 9, 2010, that it still needed to provide the documentation required by the resolution agreement and the District subsequently provided all necessary documentation to OCR as required by the resolution agreement. Further answering, Defendant states that its resolution agreement with OCR is not a binding contract as previously held by the United States Court of Appeals for the Eighth Circuit and that its agreement with OCR was not an agreement or contract with B.M. or his parents.

33. Defendant incorporates by reference its answers to paragraphs 1-32 of the Complaint as if fully set forth herein.

34. Defendant denies the allegations of paragraph 34 of the Complaint.

35. Defendant admits only so much of paragraph 35 as alleges that B.M. is a student with a 504 disability and further states that, through the implementation of appropriate 504 procedures, a multidisciplinary team so concluded in December 2008. Further answering, Defendant states that Section 504 and its implementing regulations do not require "accommodations," but instead require the provision of a free appropriate public education as defined by the regulations. Further answering, Defendant states that OCR's formal guidance specifically provides, in pertinent part, that the 504 standard, as applied to students in public elementary and secondary schools, is not one of reasonable accommodation but is one of a free appropriate public education. Except as expressly admitted, Defendant denies each and every other allegation of fact and/or conclusion of law contained in paragraph 35 of the Complaint.

36. Defendant admits only so much of paragraph 36 as alleges that B.M. is disabled as defined by Section 504 and is, therefore, entitled to a free appropriate public education as defined by that federal law and its implementing regulations. Further answering, Defendant states that, since January 2009, the District has provided or offered to provide B.M. with a free appropriate public education and that, at the end of the 2008-09 school year, B.M. was promoted to fifth grade. Further answering, Defendant states that, during the 2009-10 and 2010-11 school years, B.M. has received a free appropriate public education and has demonstrated significantly improved behavior. Further answering, Defendant states that, during the first semester of the 2010-11 school year, B.M. received all A's or A-'s on his report card. Except as expressly

10

Case 2:11-cv-04029-NKL   Document 13   Filed 03/30/11   Page 10 of 14

admitted, Defendant denies each and every other allegation of fact and/or conclusion of law contained in paragraph 36 of the Complaint.

37. Defendant denies the allegations contained in paragraph 37 of the Complaint and further states that "reasonable accommodation" is not the proper standard to apply for public school elementary and secondary students.

38. Defendant denies the allegations contained in paragraph 38 of the Complaint.

39. Defendant denies the allegations contained in paragraph 39 of the Complaint.

40. Defendant denies the allegations contained in paragraph 40 of the Complaint.

41. Defendant denies the allegations contained in paragraph 41 of the Complaint. Further answering, Defendant states that the instant Complaint is frivolous and brought for an improper purpose.

42. Defendant denies the allegations contained in paragraph 42 of the Complaint.

Further answering, Defendant states that Plaintiffs are not entitled to any of the relief sought in the first WHEREFORE paragraph on page 6 of the Complaint.

43. Defendant incorporates by reference its answers to paragraphs 1-42 of the Complaint as if fully set forth.

44. Defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 44 of the Complaint and, therefore, denies the same. Further answering, Defendant states that Sharon and Roger Miller never requested that the District reimburse them for any outside evaluations that they obtained nor did it request an independent educational evaluation pursuant to the federal regulations. Except as expressly admitted, Defendant denies each and every other allegation of fact and/or conclusion of law contained in paragraph 44 of the Complaint.

45. Defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations that the Millers incurred expenses and, therefore, denies the same. Except as expressly admitted, Defendant denies each and every other allegation of fact and/or conclusion of law contained in paragraph 45 of the Complaint.

46. Defendant denies the allegations contained in paragraph 46 of the Complaint. Further answering, Defendant states that the Millers have not requested that the District provide or pay for compensatory services.

47. Defendant denies the allegations contained in paragraph 47 of the Complaint.

48. Defendant denies the allegations contained in paragraph 48 of the Complaint. Further answering, Defendant states that the Complaint does not allege that Roger and Sharon Miller are disabled as defined by either the ADA or Section 504 and, therefore, Roger and Sharon Miller have no cause of action pursuant to those laws. Defendant further states that, because the Complaint fails to allege that Roger and Sharon Miller are disabled as defined by the ADA or Section 504, their individual claims being pursued under those laws are frivolous and/or brought for an improper purpose.

49. Defendant denies the allegations contained in paragraph 49 of the Complaint.

50. Defendant denies the allegations contained in paragraph 50 of the Complaint.

Further answering, Defendant denies that Plaintiffs Roger and Sharon Miller are entitled to any of the relief sought in the second WHEREFORE paragraph on page 8 of the Complaint and, because they have not alleged a disability under the ADA or Section 504, their requests for relief are frivolous and brought for an improper purpose.

## AFFIRMATIVE DEFENSES

1. Defendant denies each and every allegation of fact and/or conclusion of law not expressly and specifically admitted.

2. Plaintiffs' Complaint fails to state claims upon which relief can be granted.

3. Plaintiffs are not entitled to attorneys' fees.

4. Defendant's actions with respect to Plaintiffs were taken in the good faith belief that their actions complied with all applicable laws.

4. Plaintiffs failed to exhaust their administrative remedies under the IDEA.

5. The IDEA, 20 U.S.C. § 1400 *et seq.,* does not provide for the recovery of monetary damages.

6. Plaintiff's claims are barred by the applicable statute of limitations and/or by laches.

7. The Parents have failed to state a claim for which relief can be granted as the Parents are not entitled to recover for any damages to the Student.

8. Plaintiffs' claims are barred by equitable estoppel.

9. Plaintiffs' claims are barred by the doctrine of waiver.

10. Defendant reserves the right to amend this Answer in order to assert each and every additional affirmative defense that may be uncovered or become known during the pendency of this Complaint.

WHEREFORE, having fully answered Plaintiffs' Complaint, Defendant South Callaway R-II School District respectfully requests that this Court dismiss Plaintiffs' Complaint in its entirety with prejudice, or in the alternative, enter judgment in favor of Defendant, and the Court

further enter its Order granting Defendant its reasonable attorneys' fees and costs, and for such other relief as the Court may deem just and proper.

          Respectfully submitted,

          **MICKES GOLDMAN O'TOOLE, LLC**

By:    /s/Teri B. Goldman
      Teri B. Goldman, MBE #37883
      555 Maryville University Drive
      Suite 240
      St. Louis, Missouri 63141
      314-878-5600 Telephone
      314-878-5607 Facsimile
      tgoldman@mickesgoldman.com

      ATTORNEY FOR DEFENDANT
      SOUTH CALLAWAY R-II SCHOOL
      DISTRICT

**CERTIFICATE OF SERVICE**

I hereby certify that on this 30th day of March, 2011, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon the following attorneys of record:

Deborah S. Johnson
9923 State Line Road
Kansas City, Missouri 64114
debjohnson@kc.rr.com

Lawrence J. Altman
621 N. Skinker Blvd.
St. Louis, Missouri 63130
larry@laschoollaw.com

          /s/ Teri B. Goldman